UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIO GARCIA NUNEZ,

      Petitioner,

v.                                          Case No.  2:26-cv-1321-JES-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION FACILITY,
et al.,

      Respondents.

_____/

**ORDER**

Before the Court are Petitioner Mario Garcia Nunez's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 12).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

**I.    Background**

Garcia Nunez is a native and citizen of Cuba who entered the United States without inspection on October 16, 2022.  (Doc. 12 at 1).  He was taken into custody by Immigration and Customs Enforcement (ICE) officers on the same day.  (Id.)  On May 6, 2025, an immigration judge ordered Garcia Nunez's removal from the United States.  (Id.)  Garcia Nunez appealed the decision, and it is not yet final.  On December 21, 2025, Garcia Nunez was arrested for driving under the influence and possession of cocaine.  (Id.)  On

March 7, 2026, ICE assumed custody under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2).  (Id.)

Garcia Nunez now seeks either release from custody or a bond hearing.  (Doc. 1 at 8).

## II.  Discussion

Under 8 U.S.C. § 1226(a) of the Immigration and Nationality Act (INA), the government is authorized "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But 8 U.S.XC. § 1226A(a) provides additional safeguards, including the right to an individualized bond hearing.  Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Eleventh Circuit recently addressed the issue of whether "unadmitted aliens found in the interior of the United States are eligible for bond as they go through immigration proceedings." Hernandez Alvarez, 175 F.4th at 1261.  The Court determined that "no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here."  Id.

The Court will thus order Respondents to either release Garcia Nunez or bring him before an immigration judge within seven days

2

for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in In re Guerra, 24 I. & N. Dec. 37 (BIA 2006). Garcia Nunez's counsel (if any) must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. If Respondents are unable to ensure that Garcia Nunez timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED:**

1. Mario Garcia Nunez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Within **SEVEN (7) DAYS,** Respondents shall either provide Garcia Nunez with the statutory process required under § 1226—which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.

3. If Respondents release Garcia Nunez, they shall facilitate his transportation from the detention facility by notifying his counsel or family of when and where he may be collected.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 10, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4